IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CONSTRUCTION RESOURCES GROUP, LLC, an Oklahoma limited liability company; MARK LIVINGSTON, an individual; MAX MULLER, an individual, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. CIV-14-1394-M |
| ELEMENT FINANCIAL CORP., a Delaware corporation; CLARK EQUIPMENT COMPANY d/b/a DOOSAN INFRACORE CONSTRUCTION EQUIPMENT AMERICA, a Delaware corporation, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| ELEMENT FINANCIAL CORP., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| THOMAS MAXWELL, an individual, | ) ) | |
| Third-Party Defendant/ Third-Party Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| CLARK EQUIPMENT COMPANY d/b/a DOOSAN INFRACORE CONSTRUCTION EQUIPMENT AMERICA, | ) ) ) ) ) | |
| Third-Party Defendant. | ) | |

**ORDER**

This case is scheduled for trial on the Court's June 2017 trial docket.

Before the Court is defendant Clark Equipment Company d/b/a Doosan Infracore Construction Equipment America's ("DICEA") Motion for Partial Summary Judgment, filed April 3, 2017. On April 24, 2017, plaintiffs filed their response.[1] On May 1, 2017, DICEA filed its reply, and on May 15, 2017, plaintiffs filed their surreply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction

On November 5, 2013, plaintiff Construction Resources Group, LLC ("CRG") ordered a Doosan DL 420-3 Wheel Loader (the "Loader") from H&E Equipment Services, Inc. ("H&E")[2].[3] H&E received the Loader and completed an Arrival Condition Report; the Arrival Condition Report notes that the "delivery packet"[4] was received with the Loader. DICEA asserts that the DICEA Warranty Statement was available to dealers on the dealer internet portal and that it was the standard business practice for the dealer to go through the delivery report with the customer and cover all the items, including the warranty. DICEA further asserts that the dealers are expected to provide a copy of the standard DICEA warranty statement to the customer. Plaintiffs allege they never received a copy of the DICEA warranty.

The DICEA warranty provides that it is "expressly in lieu of any other warranties, expressed or implied, including any warranty of merchantability or fitness for a particular

---

[1] Third-Party Plaintiff Thomas Maxwell ("Maxwell") also filed a response. In its motion, DICEA did not move for partial summary judgment against Maxwell; however, Maxwell has asserted the same claims as plaintiffs against whom DICEA does seek summary judgment.
[2] H&E is an authorized Doosan dealer.
[3] The Loader was actually sold to defendant Element Financial Corp. ("Element"). Element leased the Loader to CRG through a finance lease agreement.
[4] The delivery packet purportedly contains an Operation and Maintenance Manual, Safety Manual, Parts Manual, and maintenance items. No warranty is included in the delivery packet.

purpose." New Doosan Product Standard Warranty, attached as Exhibit 5 to DICEA's Motion for Partial Summary Judgment. The DICEA warranty further provides:

> The liability of DICEA [Doosan Infracore Construction Equipment America] under this warranty is expressly limited to the provisions specified above and in no event shall DICEA incur any liability (including liability for general, special, incidental or consequential damages, economic or moral loss, arising out of any failure of Machine) which is not expressly assumed by DICEA under this warranty. In all matters DICEA's decision is final.

*Id.*

Plaintiffs allege that there were fourteen instances where the Loader was inoperable due to issues with the Loader's Scania engine/emission system. Additionally, plaintiffs allege there were five other issues with the Loader due to mechanical issues other than the engine/emission system. Each time the Loader would be inoperable or would have mechanical issues, either Scania or H&E would attempt to repair the problem. After the attempted repair, the Loader would work for some period of time but would have problems again some period of time thereafter.

On December 17, 2014, plaintiffs filed the instant action. Plaintiffs allege the following causes of action against DICEA: (1) breach of express warranty, (2) breach of implied warranty of merchantability, and (3) indemnification, contribution, and equitable subrogation. DICEA now moves this Court for summary judgment on the above-referenced causes of action.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-

moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III. <u>Discussion</u>

A. <u>Breach of express warranty cause of action</u>

DICEA asserts that during the warranty period, each time CRG reported an issue with the Loader to H&E, the Loader was repaired under the express limited warranty or the Scania emission warranty. DICEA further asserts that after each repair, the Loader operated properly. DICEA, therefore, contends that it fulfilled its obligations under the warranty, that it did not breach its express limited warranty, and that it is entitled to summary judgment on plaintiffs' breach of express warranty cause of action. Plaintiffs, on the other hand, assert that the Loader was never actually repaired because it continued to have failures and shut downs and that the repairs never corrected the defects in the Loader. Plaintiffs further contend that under the facts of this case, the express warranty failed of its essential purpose.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds that there is a genuine issue of material fact as to whether the

Loader was ever actually repaired. Accordingly, the Court finds that DICEA is not entitled to summary judgment as to plaintiffs' breach of express warranty cause of action.

B.   Breach of implied warranty of merchantability cause of action

DICEA asserts that it properly disclaimed the implied warranty of merchantability in its warranty. Plaintiffs contend that CRG was never provided a copy of the DICEA warranty and, thus, DICEA has not properly disclaimed the implied warranty of merchantability. In its reply, DICEA asserts that the undisputed material facts demonstrate that plaintiffs received the limited warranty. Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiffs and viewing all reasonable inferences in plaintiffs' favor, the Court finds there is a genuine issue of material fact as to whether CRG was ever provided a copy of the DICEA warranty. Accordingly, the Court finds that DICEA is not entitled to summary judgment as to plaintiffs' breach of implied warranty of merchantability cause of action.

C.   Incidental or consequential damages

DICEA contends that plaintiffs are not entitled to incidental or consequential damages. First, DICEA asserts that the DICEA warranty expressly excludes consequential damages. As set forth above, there is a disputed issue of material fact as to whether CRG was ever provided a copy of the DICEA warranty. Accordingly, the Court finds that DICEA is not entitled to summary judgment on the issue of incidental or consequential damages based upon the disclaimer in the warranty.

Second, DICEA asserts that plaintiffs did not give notification to DICEA of any breach. Having carefully reviewed the parties' submissions, the Court finds there is a disputed issue of

material fact as to whether plaintiffs gave notification to DICEA of any breach.[5] Accordingly, the Court finds that DICEA is not entitled to summary judgment on the issue of incidental or consequential damages based upon lack of notification.

Finally, DICEA asserts that the Loader did not fail of its essential purpose. As set forth above, the Court finds there is a genuine issue of material fact as to whether the Loader was ever actually repaired and whether the repairs that were made corrected the alleged defects. Based upon this genuine issue of material fact, the Court finds there is a disputed issue of material fact as to whether the Loader failed of its essential purpose. Accordingly, the Court finds that DICEA is not entitled to summary judgment on the issue of incidental or consequential damages.

### D. Indemnity, contribution, or equitable subrogation causes of action

Plaintiffs allege that if they are found liable to defendant Element on any legal theory, DICEA is liable under the theories of indemnity, contribution, and/or equitable subrogation. "Indemnity has its origins in contract, and traditionally has been regarded as shifting loss from one person who has been compelled to pay to the shoulders of another who ought to bear the loss." *Cent. Nat'l Bank of Poteau, Okla. v. McDaniel*, 734 P.2d 1314, 1316 (Okla. Civ. App. 1986).

> The right to indemnity is not limited to cases where there is an express agreement to that effect. A right to implied indemnity may arise out of a contractual or a special relationship between parties and from equitable considerations. In the case of noncontractual indemnity, the right rests upon fault of another which has been imputed or constructively fastened upon him who seeks indemnity.

*Id.* Finally,

> it has been stated that a person who, without fault on his own part, has been compelled to pay damages occasioned by the primary negligence of another is entitled to indemnity from the latter whether contractual relations exist between them or not.

---

[5] It clearly appears that H&E, an authorized Doosan dealer, was notified by plaintiffs of the alleged breach. DICEA has not asserted that any notice to H&E would not be proper notice to DICEA.

*Id.* (internal quotations and citation omitted).

It is undisputed that there is no contract between plaintiffs and DICEA in which DICEA agreed to indemnify plaintiffs for any liability. The Court, therefore, finds that plaintiffs cannot maintain any cause of action for contractual indemnity. Additionally, the Court finds that DICEA is entitled to summary judgment as to plaintiffs' equitable indemnity cause of action. Specifically, the Court finds that any liability plaintiffs have to defendant Element is based on the lease agreement that was entered into between defendant Element and CRG and the guarantees signed by plaintiffs Livingston and Muller. Further, while there is a relationship between CRG and DICEA – CRG is a third party beneficiary of the DICEA warranty, the Court finds that this relationship is not the type of special relationship that would give rise to a right to equitable indemnity.

"Equitable contribution is the right to recover, not from a party primarily liable for the loss, but from a co-obligor or co-insurer who shares common liability with the party seeking contribution." *United States Fid. and Guar. Co. v. Federated Rural Elec. Ins. Corp.*, 37 P.3d 828, 832 (Okla. 2001). "The aim of equitable contribution is to apportion a loss between two or more insurers who cover the same risk so that each pays his fair share of a common obligation, and one co-insurer does not profit at the expense of the others." *Id.* Having reviewed the parties' submissions, the Court finds that DICEA is entitled to summary judgment as to plaintiffs' equitable contribution cause of action. Specifically, the Court finds that plaintiffs and DICEA are not co-obligors who share common liability to defendant Element.

Finally, equitable subrogation

> is based on the relationship of the parties and equitable principles of establishing substantial justice, and it is broad enough to include every instance where one person who is not a mere volunteer, pays

> a debt for which another is primarily answerable, and which in
> equity and good conscience should have been discharged by the
> latter.

*Id.* at 831 (internal citations omitted). Further, "[t]he goal of equitable subrogation is to place the entire burden for a loss on the party who is ultimately responsible for it and by whom it should have been discharged, and to relieve entirely the insurer who indemnified the loss and who is not responsible for paying for it." *Id.* at 832. Having carefully reviewed the parties' submissions, the Court finds that DICEA is entitled to summary judgment as to plaintiffs' equitable subrogation cause of action. Specifically, the Court finds that plaintiffs are primarily answerable and responsible for the debt to defendant Element, as that debt is based upon the lease agreement entered into between CRG and defendant Element and the guarantees signed by plaintiffs Livingston and Muller, and that DICEA is not primarily answerable for said debt.[6]

Accordingly, the Court finds that DICEA is entitled to summary judgment as to plaintiffs' indemnity, contribution, and equitable subrogation causes of action.

## IV. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART DICEA's Motion for Partial Summary Judgment as follows:

(A) The Court GRANTS the motion for partial summary judgment as to plaintiffs' indemnity, contribution, and equitable subrogation causes of action, and

---

[6] This Court's finding in no way impacts whether plaintiffs can ultimately receive damages based upon the amount of money they had to pay defendant Element based upon the lease agreement and guarantees.

(B) The Court DENIES the motion for partial summary judgment as to plaintiffs' breach of express warranty cause of action, plaintiffs' breach of the implied warranty of merchantability cause of action, and plaintiffs' entitlement to incidental and consequential damages.

**IT IS SO ORDERED this 24th day of May, 2017.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE